IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA FRITZ,

            *Plaintiff*,

v.

WESTMORELAND COUNTY, *et al*,

            *Defendants*.

Civil Action No. 2:19-cv-1517

Hon. William S. Stickman IV

## MEMORANDUM OPINION AND ORDER OF COURT

WILLIAM S. STICKMAN IV, District Judge.

      Plaintiff, Patricia Fritz ("Fritz"), filed a Complaint on November 22, 2019. (ECF No. 1). Defendants Westmoreland County Sheriff's Office and Sheriff Jonathan Held filed their Answer and Affirmative Defenses on February 3, 2020. (ECF No. 14). Co-Defendants Westmoreland County, Charles Anderson ("Anderson"), Gina Cerilli ("Cerilli"), Ted Kopas ("Kopas"), and David Regoli ("Regoli") filed a Partial Motion to Dismiss Counts VI and VII of Fritz's Complaint Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on February 7, 2020. (ECF No. 19). By March 16, 2020 Memorandum Opinion and Order, the Court granted in part and denied in part the Partial Motion to Dismiss. (ECF No. 25). More specifically, the Court dismissed Count VII without prejudice in its entirety, dismissed without prejudice the individual capacity claims directed at Anderson, Cerilli, Kopas, and Regoli in Counts VI and VII, and, dismissed with prejudice the official capacity claims directed at Anderson, Cerilli, Kopas, and Regoli in Counts VI and VII. Fritz was given leave to file an amended complaint within thirty days, and she did so on April 15, 2020. (ECF No. 26).

1

Defendants Westmoreland County, Anderson, Cerilli, Kopas, and Regoli filed a Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6).[1] (ECF No. 27). These Defendants seek dismissal of Counts VI and VIII against Anderson, Cerilli, Kopas and Regoli as well as dismissal of Count VII in its entirety against Westmoreland County, Cerilli, Kopas, and Regoli. Briefing is now complete, and the matter is ripe for disposition. For the reasons discussed herein, the Court GRANTS the partial motion to dismiss.

## I.   STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Marcy Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

## II.   RELEVANT FACTS

Fritz, a former Chief Deputy of the Westmoreland County Sheriff's Office, filed this suit arising out of her termination. Anderson, Cerilli, and Kopas ("Commissioners") were Westmoreland County Commissioners at the time of the events listed in the Amended Complaint.

---

[1] Defendants Westmoreland County Sheriff's Office and Sherriff Jonathan Held filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint on April 29, 2020. (ECF No. 29).

Plaintiff's Amended Complaint ("Am. Compl.") ¶¶ 6-8.  Regoli was a Westmoreland County Assistant Solicitor who was appointed by the Commissioners to his legal position in 2016.  *Id.* at ¶ 9.  In November of 2010, Fritz began working part-time in the Westmoreland County Sherriff's Office as a deputy.  *Id.* at ¶ 27.  In May of 2014, she was promoted by Sheriff Jonathan Held pursuant to 16 P.S. § 1203 to the full-time position of Chief Deputy; she was the first female to have ever held this position.  *Id.* at ¶¶ 28-29.  Her responsibilities included managing the budget and overseeing the deputies.  *Id.* at ¶ 33.  She did not have the authority to hire or fire deputies. *Id.*

According to Fritz, the deputies were hostile with her from the moment she accepted the Chief Deputy position, and even more so when she began to enforce existing policies and implement new policies.  *Id.* at ¶¶ 35-40.  Fritz was denied an increase in pay by the County's Salary Board (consisting of Anderson, Cerilli, Kopas, and the County Controller) in March of 2017 and again in January of 2018.  *Id.* at ¶¶ 42-46.

Fritz was suspended after an August 7, 2018 incident with union president Corporal Felder that culminated in both parties filing criminal complaints against each other alleging harassment. *Id.* at ¶¶ 66-74, 78-84, 85-88.  Only Corporal Felder's complaint was investigated, and Fritz was ultimately found not guilty in the Westmoreland County Court of Common Pleas.  *Id.* at ¶¶ 85, 99. While the criminal charge was pending against her, Fritz was terminated by Westmoreland County via an October 25, 2018 letter because Sheriff Held, citing a conflict of interest due to his witnessing of the August 7, 2018 incident between Corporal Felder and Fritz, delegated his right to terminate Fritz to the Commissioners.  *Id.* at ¶¶ 93-95.

### III. ANALYSIS

Defendants Anderson, Cerilli, Kopas, and Regoli contend that Counts VI and VIII advanced against them in their individual capacities should be dismissed for failure to state a claim. Furthermore, Defendants Westmoreland County, Cerilli, Kopas, and Regoli contend that Count VII should be dismissed because Fritz's allegations do not set forth a valid First Amendment political affiliation claim.

#### A. *The Individual Capacity Claims Against Defendants Anderson, Cerilli, Kopas and Regoli at Counts VI are dismissed with prejudice.*

In Count VI, entitled "Violation of Section 1983 – Sex," Fritz alleges that all Defendants, including the moving Defendants - Westmoreland County, Anderson, Cerilli, Kopas, and Regoli - undertook discriminatory acts against her "on account of her sex, and in the terms and conditions of her employment, committed unlawful acts in violation of 42 U.S.C. § 1983 and [her] right to equal protection under the law under the Fourteenth Amendment of the United States Constitution." Am. Compl. ¶ 173. Not only does Fritz posit that her complaints of mistreatment were not properly investigated due to her sex, but she alleges that "complaints" were not properly preserved in county files. *Id.* at ¶¶ 176-77. Fritz further contends that "[t]he Commissioners and Sheriff were afforded wide discretion to control and direct personnel matters as agents of Westmoreland County and/or the Westmoreland County Sheriff's Office, and as a result, they were able to advance their discriminatory animus and direct the adverse employment actions suffered by Chief Fritz and other women." *Id.* at ¶ 178. Male employees were treated more favorably than women in terms and conditions of their employment, including "the ability to use accrued time or resign in lieu of termination and by failing to properly investigate claims by women of mistreatment by men in the workplace." *Id*. at ¶ 173.

According to Fritz, "the conduct of Defendants reflects a policy, custom and/or pattern of official conduct which serves to treat women differently, on the basis of sex, and deprive female employees in protected classes of their rights pursuant to the Equal Protection Clause." *Id*. at ¶ 172. She claims Anderson, Cerilli, Kopas, and Regoli "each engaged in conduct which directly and adversely impacted [ ] Fritz in the terms and conditions of her employment and deprived her of equal protection under law." *Id*. at ¶ 181. More specifically, she alleges Anderson, Cerilli, and Kopas denied her pay equal to her male counterparts, directed unequal discipline, failed to properly investigate her complaint, and personally "effected" her termination. *Id*. at ¶ 182. As to Regoli, Fritz claims he threatened her with physical violence in the workplace to compel her resignation and worked in concert with Anderson, Cerilli, and Kopas to "effect" her termination. *Id*. at ¶ 183.

Fritz sued Anderson, Cerilli, Kopas, and Regoli in their individual capacities. *Id*. at ¶¶ 6-9. Individual capacity claims under section 1983 "seek to recover money from a government official, as an individual, for acts performed under color of state law." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).[2] To plead a sufficient civil rights claim against a defendant in his individual capacity, a plaintiff must show that the defendant had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellariciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citation omitted). *See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (dismissing claims against Attorney General for failing to describe his personal involvement). Personal involvement can be shown by alleging either personal direction or actual knowledge of and acquiescence in a subordinate's actions. *Rode*, 845

---

[2] To state a claim under 42 U.S.C. § 1983, Fritz must allege that Defendants, "under color of law, deprived [her] of a federal constitutional or statutory right." 42 U.S.C. § 1983. *See also Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).

5

F.2d at 1207.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  *Id*.

> ### 1. *Fritz's allegations against the Commissioners - Anderson, Kopas, and Cerilli- are insufficient to survive the motion to dismiss.*

In its March 16, 2020 Memorandum Opinion (ECF No. 25), the Court carefully examined and analyzed where the Commissioners' names were mentioned within the Complaint.  The Court hereby incorporates that discussion.  As to the Amended Complaint, the additions made by Fritz are as follows:

- "On information and belief, Kopas' delegation of authority to Regoli to effect employment decisions concerning Chief Fritz is outside the scope of their official capacities." Am. Compl. ¶ 62.

- "Sheriff Held did not want to take the action as directed by the Commissioners." "The Commissioners were over-reaching in their authority by attempting to direct Sheriff Held who, by statute, is to operate independently.  When it was determined Sheriff Held would not heed their direction, the Commissioners manufactured a "conflict of interest" narrative to cause Held to recuse himself from the decision-making vis-à-vis Chief Fritz." *Id*. at ¶¶ 80-81.

- "This action [presumably the October 25, 2018 termination letter from Westmoreland County] permitted Defendants Anderson, Cerilli, and Kopas to advance their unlawful agenda by terminating Chief Fritz." *Id*. at ¶ 94.

- "Individual Defendants Anderson, Cerilli, Kopas, and Regoli each engaged in conduct which directly and adversely impacted Chief Fritz in the terms and conditions of her employment and deprived her of equal protection under the law." *Id*. at ¶ 181.

- "Defendants Anderson, Cerilli, and Kopas denied Chief Fritz pay that was equal to her male counterparts, directed unequal discipline and failed to properly investigate her complaint, and personally effected her termination." *Id*. at ¶ 182.

- "Defendant Regoli threatened Chief Fritz with physical violence in the workplace in an effort to compel her resignation from employment and, on information and belief, worked in concert and was able to assert influence with Anderson, Cerilli, and Kopas to effect Chief Fritz's termination." *Id*. at ¶ 183.

Fritz provides no further details or allegations in her Amended Complaint as to the conclusory statements set forth in these new paragraphs. Once again, she fails to provide the required specificity as to the actions of each individual Defendant.

Despite being given the opportunity to amend her Complaint, Fritz has still failed to advance any direct allegations that any of the three Commissioners committed individual affirmative acts to violate her rights. Fritz fails to advance specific allegations regarding how the three Commissioners personally acted against her on the basis of her sex or orchestrated her termination. There are no specific allegations as to how any of the three Commissioners directed personnel matters, treated male employees more favorably than female employees in the terms and conditions of their employment, or thwarted Fritz from receiving a salary increase. Despite Fritz's arguments to the contrary, what each of the three Commissioners personally did in regards to Count VI in their individual capacity is not sufficiently pled. Therefore, the individual capacity claims directed at Anderson, Cerilli and Kopas in Count VI are dismissed with prejudice for failure to state a claim.

### 2. *Fritz's allegations against Regoli.*

As to Regoli, in its March 16, 2020 Memorandum Opinion (ECF No. 25), the Court carefully examined and analyzed where his name was mentioned within the Complaint. The Court hereby incorporates that discussion. As to the Amended Complaint, the additions pled as to Regoli are as follows:

- "On information and belief, Kopas' delegation of authority to Regoli to effect employment decisions concerning Chief Fritz is outside the scope of their official capacities." Am. Compl. ¶ 62.

- "Individual Defendants Anderson, Cerilli, Kopas, and Regoli each engaged in conduct which directly and adversely impacted Chief Fritz in the terms and conditions of her employment and deprived her of equal protection under the law." *Id*. at ¶ 181.

7

- "Defendant Regoli threatened Chief Fritz with physical violence in the workplace in an effort to compel her resignation from employment and, on information and belief, worked in concert and was able to assert influence with Anderson, Cerilli, and Kopas to effect Chief Fritz's termination." *Id*. at ¶ 183.

- "Defendant Regoli, as solicitor, serves a role that requires him to advise the Commissioners on their obligations under the law. Not only does the evidence indicate that did not occur in this instance, but Regoli further advanced the unlawful conduct of Defendants by personally engaging in unlawful conduct on their behalf." *Id*. at ¶ 184

No further facts are offered to support these new conclusory allegations.

As such, Fritz's allegations against Regoli remain the same as those she advanced in her original Complaint – Regoli is alleged to have threatened, harassed, and intimidated Fritz during an unannounced meeting on February 7, 2018, in an attempt to force her retirement or resignation. *Id*. at ¶¶ 48-50, 51, 54-55, 57. During this encounter, Fritz contends Regoli insisted she resign, stating that Kopas directed him to get rid of her by the end of the day. *Id*. at ¶ 56. Later that day, Regoli is said to have delivered a letter to Sheriff Held requesting Fritz's termination or suspension without pay. *Id*. at ¶ 61.

Accepting these allegations as true, the Court holds that the Amended Complaint, as pled, fails to articulate a legally tenable claim against Regoli. No facts are pled as to how Regoli subjected Fritz to "the same unequal process faced by other women" or singled her out. Fritz does not provide factual detail regarding whether Regoli was involved in the investigation of complaints by female employees of Westmoreland County or how (and even if) he directed personnel matters in the Sherriff's Office. There is no allegation that Regoli is a decision-maker or policy-maker or that he, as a solicitor for Westmoreland County, could act adversely as to the terms and conditions of Fritz's employment in the Sheriff's Office. It remains unknown how he allegedly worked with the Commissioners to terminate her employment particularly where his duties as an assistant

solicitor are limited under the Third-Class County Code. What Regoli personally did in regard to Count VI in his individual capacity is not sufficiently pled. Therefore, the individual capacity claim directed at Regoli in Count VI is dismissed with prejudice for failure to state a claim.

### 3. Further Amendment is Futile.

The Court holds that further amendment by Fritz as to Count VI against Anderson, Cerilli, Kopas, and Regoli would be futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). *See also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile). Amendment is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). *See also* 3 Moore's Federal Practice – Civil § 15.15[4] (2019) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Having already been given the opportunity to amend her Complaint, Fritz has failed to plead a tenable claim as to Count VI against Anderson, Cerilli, Kopas, and Regoli. She will not be provided another chance to amend. The Court holds that further amendment would be futile.

### B. Count VII against Westmoreland County, Cerilli, Kopas, and Regoli is dismissed with prejudice.

In Count VII, entitled "Violation of Section 1983 – Political/First Amendment," Fritz alleges that Defendants Westmoreland County, Cerilli, Kopas, and Regoli discriminated against her "because of her political affiliation in violation of her right to belief and association under the First and Fourteenth Amendments of the United States Constitution." *Id*. at ¶ 190. Apparently,

Sheriff Held was under criminal investigation facing the possibility of removal from office. He allegedly delegated his authority under 16 Pa.C.S. § 1203 "to revoke Chief Fritz's employment" to the Commissioners. Fritz posits that her removal was sought so that she did not assume the role of Sheriff on an interim basis. Plaintiff is a Republican and Defendants Cerilli, Kopas, and Regoli are Democrats. According to Fritz, she was terminated by the Commissioners because of her opposing political affiliation, of which they were aware. Am. Compl. ¶¶ 194-96.

The Third Circuit has derived a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment. To make out a *prima facie* case, Fritz had to plead in her Amended Complaint that (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision. *See, e.g., Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997). "The third prong requires proof that the employer knew of the plaintiff's political affiliation and that the affiliation caused the adverse action." *McKeever v. Twp. of Washington*, 473 F. Appx. 103, 104 (3d Cir. 2012) (citing *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 275 (3d Cir. 2007)). Once a plaintiff establishes a *prima facie* case, the defendant may "avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity." *Galli*, 490 F.3d at 271.

Fritz has failed to advance a claim of discrimination based on political affiliation in violation of the First Amendment. Fritz's Amended Complaint remains devoid of any allegations as to what actions/constitutionally protected conduct formed the basis of her allegedly politically charged termination. She fails to identify what right she attempted to exercise relative to her political affiliation or how she was deprived of such a right. She provides no information on her

political beliefs and how they formed the basis for her termination.  As Defendants aptly note, "it still remains unclear as to what politically affiliated actions [Fritz] may have taken or not taken for or against the named Defendants."  (ECF No. 28, p. 14).  A fair reading of the Amended Complaint yields no specific facts outlining how Fritz's political affiliation was a substantial or motivating factor in her termination.  Fritz has pled nothing more than a purely speculative claim that she was terminated so that she did not become the acting Sheriff because she was of an opposing political affiliation than that of the Commissioners.  Her claim is inadequately pled and fails as a matter of law.[3]

Count VII as to Westmoreland County, Cerilli, Kopas, and Regoli is dismissed with prejudice.  Further amendment by Fritz would be futile.  *Phillips*, 515 F.3d at 236.  *See also Grayson*, 293 F.3d at 108; 3 Moore's Federal Practice – Civil § 15.15[4] (2019).  She cannot offer any factual amendments that would cure the deficiencies in her Amended Complaint where she has failed to allege the violation of any constitutional right.

### C. *Count VIII against Anderson, Cerilli, Kopas, and Regoli is dismissed with prejudice.*

In her Amended Complaint, Fritz included a new claim against all Defendants, including the moving Defendants Anderson, Cerilli, Kopas, and Regoli, alleging violations of the Pennsylvania Human Relations Act ("PHRA").  Am. Compl. ¶¶ 226-238.  According to Fritz, the discrimination set forth at Count I (Sex Discrimination – Title VII) and Count III (Age Discrimination - ADEA) against Westmoreland County and the Westmoreland County Sheriff's Office violates the PHRA, and all the individual "Defendants served to aid and abet the

---

[3] Fritz has failed to adequately plead individual capacity claims against Anderson, Cerilli, Kopas and Regoli as to Count VII.  Thus, Count VII against these Defendants is also dismissed on this basis.

discriminatory treatment" in violation of the PHRA. *Id*. at ¶¶ 227-29. Count I sets forth the manner in which Fritz was discriminated against on the basis of her sex. *Id*. at ¶¶ 106-22. Count III stems from Fritz's contention that her position of Chief Deputy was filled by a younger woman with less experience. *Id*. at ¶¶ 137-45. As to the aiding and abetting claim of liability as to Anderson, Cerilli, Kopas, and Regoli, Fritz contends that these individual Defendants "served to aid and abet the discriminatory treatment," "acted in affecting employment decisions as to [ ] Fritz that were discriminatory in intent and practice by treating her differently in terms and conditions of her employment compared to male employees," retaliated in the terms and conditions of her employment, and acted "maliciously or with reckless indifference" as to her rights. *Id*. at ¶¶ 229-31, 235.

Title VII creates a cause of action against an employer for workplace discrimination; however, this cause of action does not extend to the employer's employees in their individual capacities. *See Hill v. Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006). Nonetheless, the PHRA does provide for individual liability. *See Dici v. Com. of Pa.*, 91 F.3d 542, 552-53 (3d Cir. 1996). Such liability is expressly limited to persons who:

> *[A]id, abet, incite, compel or coerce* the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955(e) (emphasis added). Courts have limited individual liability under § 955(e) to supervisory employees. *Dici*, 91 F.3d at 552-53.

Mere conclusory and non-specific allegations of aiding and abetting liability under the PHRA are insufficient to survive a motion to dismiss. Fritz's Amended Complaint lacks a sufficient level of factual detail with respect to her claims against Anderson, Cerilli, Kopas, and

Regoli.  First, she does not allege that Anderson, Cerilli, Kopas, and Regoli had supervisory authority over the terms and conditions of her employment.  Second, Fritz fails to offer any detail as to how these individuals actually violated PHRA § 955(e).  Fritz has not pled any facts regarding the role these individuals played in relationship to Westmoreland County's and the Westmoreland County Sheriff's Office's discriminatory conduct.  In other words, Fritz has alleged no facts suggesting that these individuals "aided, abetted, incited, compelled, or coerced" Westmoreland County and/or the Westmoreland County Sheriff's Office to discriminate against her on the basis of her sex and age.  In fact, nowhere in the Amended Complaint does Fritz suggest that Anderson, Cerilli, Kopas, and Regoli were aware of any on-going discrimination towards her in the Westmoreland County Sheriff's Office or that they were directly involved in any such discriminatory acts.  Although Fritz alleges that the Commissioners approved her termination, she does not include enough facts to raise a reasonable expectation that discovery will reveal evidence that these individual defendants had an intent to discriminate against her on the basis of her sex and age.

Fritz's conclusory allegations do not withstand the moving Defendants' motion, and the Court dismisses her PHRA claims in Count VIII against Defendants Anderson, Cerilli, Kopas, and Regoli with prejudice.[4]

---

[4] As discussed in Section A herein, the Complaint indicates that the Commissioners and Regoli had limited and/or no involvement in the events giving rise to Fritz's lawsuit. At most, they were involved in the denial of her salary increases and termination of her employment when the Sheriff relinquished his authority to do so due to a conflict of interest. No additional facts were included in the Amended Complaint as to their specific involvement in the events underlying this case; rather, Fritz included new conclusory statements. Additionally, no allegation exists that Fritz informed the Commissioners or Regoli that she was being subjected to unlawful discrimination. In light of all this, any further attempt to amend Count VIII would be futile, and Fritz has not requested leave to do so.

## IV. CONCLUSION AND ORDER

AND NOW, this 29th day of June 2020, the Partial Motion to Dismiss (ECF No. 31) is **GRANTED**. The individual capacity claims directed at Charles Anderson, Gina Cerilli, Ted Kopas, and David Regoli in Counts VI and VIII are dismissed with prejudice. Count VII as to Westmoreland County, Gina Cerilli, Ted Kopas, and David Regoli is dismissed with prejudice. Further amendment of these counts is futile in the eyes of the Court and will not be permitted. Accordingly, Charles Anderson, Gina Cerilli, Ted Kopas, and David Regoli are terminated as parties to this action. Defendant Westmoreland County shall file its answer no later than July 13, 2020.

BY THE COURT:

/s/ *William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE